JAMES F. ALLEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allen v. Commissioner
Docket No. 4774-83.
United States Tax Court
T.C. Memo 1985-329; 1985 Tax Ct. Memo LEXIS 305; 50 T.C.M. (CCH) 338; T.C.M. (RIA) 85329; July 3, 1985. Steven Roth, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456 of the Code and Rules 180 and 181. [1] The Court *306 agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This case is before us on respondent's oral motion to dismiss for failure properly to prosecute. Respondent determined deficiencies in petitioner's Federal income taxes for the year 1980 in the amount of $4,387.80, together with additions to tax under section 6651(a) in the amount of $1,096.95, under section 6653(a) in the amount of $219.39 and under section 6654(a) in the amount of $280.81. The deficiency notice was based upon unreported income in the amount of $21,620. Petitioner timely filed his petition with this Court in which he alleged that he was a resident of El Monte, California. In addition, petitioner made various allegations of a tax-protester nature. Thus, he alleged that he was not required to file an income tax return or pay an income tax for 1980, that he received nothing during that year of known tangible value, that he enjoyed no grant of privilege *307 of franchise and that he did not volunteer to self-assess himself for taxes. Petitioner filed a request for a jury trial which was denied. Respondent moved for leave to file an amendment to his answer which was granted. The amendment to answer alleged that the unreported income of petitioner for the year 1980 was $33,999.46, rather than $21,620 as set forth in the Statement of Income Tax Audit Changes which was a part of the statutory notice of deficiency. The amendment to answer went on to allege that petitioner's income tax deficiency for 1980 was $9,281.76, and the additions to tax under sections 6651(a), 6653(a) and 6654(a) were $2,252.92, $464.09 and $572.43, respectively. Petitioner failed to respond to the call or the recall of the calendar on August 28, 1984. Respondent bore his burden of proving that petitioner received income in 1980 as an employee of Von's Grocery Company in the amount of $33,999.46. The petition filed herein makes it clear that petitioner failed to report this amount, or indeed any other amount, on a tax return for 1980. We hold that petitioner received $33,999.40 in compensation for services in 1980 and that he failed to report that amount or *308 any other amount on a tax return for that year. The Court takes judicial notice that petitioner is one of several hundred persons in the southern California area who have filed petitions and other papers with this Court of a substantially identical nature. [2]
A notice of deficiency is ordinarily presumed correct, and the taxpayer bears the burden of proving that respondent's determination of his taxable income is erroneous. ; Rule 142(a). As to the increases in deficiency for the year 1980, however, Rule 142(a) places the burden of proof upon respondent. We have held that respondent has borne that burden. Petitioner, by failing to respond to the call and recall of the calendar, has refused to prosecute his case or to offer evidence in regard to it. Rules 123(b) and 149(b) provide: RULE 123.DEFAULT AND DISMISSAL * * * (B) Dismissal: For failure *309 of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149. FAILURE TO APPEAR OR TO ADDUCE EVIDENCE * * * (b) Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. * * * The allegations of petitioner in his petition are so frivolous and groundless as not to warrant any extended discussion. See . We would be doing a disservice to those petitioners who come before this Court with valid controversies were we to expend our time and resources on exhaustive analyses of each meritless allegation of petitioner. In *310 any event, petitioner, by failing to appear to present evidence and by failing otherwise properly to prosecute this matter, has made himself subject to dismissal under Rules 123 and 149. In addition, respondent has requested by oral motion the imposition of damages under section 6673. That section, as in effect for May 1983 when this petition was filed, gives this Court authority to award damages up to $5,000 when proceedings have been instituted or maintained by the taxpayer primarily for delay or where the position in such proceedings is frivolous or groundless. See sections 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 574. This petition is frivolous and groundless. Damages in the amount of $5,000 are awarded to the United States. An appropriate order and decision will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See, e.g., ; ; ; .↩